Santini Fertilizer Co., Plaintiff and Appellant, *v.* Gerardo Flores et ux., Defendants and Appellees.

No. 5329. Argued December 15, 1931.—Decided May 13, 1932.

458

 

*Rafael Buscaglia* for appellant. *José Soto Rivera* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The Santini Fertilizer Company obtained a judgment on a promissory note executed by Gerardo Flores and his sister Ruperta Flores, a married woman, wife of José Juliá Marín. An appeal from this judgment was dismissed as frivolous in January, 1930. *Santini Fertilizer Co.* v. *Flores et al.,* 40 P.R.R. 389.

The present appeal is from an order dissolving an attachment levied on certain real estate as the property of the defendant, Ruperta Flores. Under a general assignment going to the jurisdiction of the district court, appellant submits:

*First,* that the defendant Ruperta Flores had neither the right nor the capacity to present the claim of the conjugal partnership.

*Second,* that a defendant cannot set up the rights of a stranger to the action, nor obtain a declaration of such rights.

*Third,* that on a motion to dissolve an attachment, the title or property rights of a stranger to the action cannot be determined.

*Fourth,* that a previous determination of the title to the attached property in a trial for that purpose was a necessary prerequisite to a ruling on a motion to dissolve the attachment.

*Fifth,* that by the order appealed from plaintiff has been deprived of its vested rights without due process of law.

The argument for appellant is an elaboration of these five points. The only authorities cited are section 161 of the Civil Code and *Olivo* v. *Arriví,* 38 P.R.R. 643.

The case of *Olivo* v. *Arrivi* does not throw much light on any of the questions suggested.

From the statement of the case it appears that two only of these questions were raised in the court below and that these two were orally presented. They were: first, whether the court had the power to pass upon the question of ownership of the attached property when raised by a motion to dissolve the attachment, no ordinary action having been brought to determine that question; and, second, whether the wife, not being the legal representative of the conjugal partnership which was a stranger to the action, had the capacity to move for a dissolution of the attachment.

Section 161 of the Civil Code, relied upon by appellant, reads as follows:

"The husband is the legal representative of the conjugal community.

"The wife may contract, and appear in court, in all cases, referring to the defense of her own rights and property, to the discharge of the *patria potestas,* guardianship or administration conferred on her by the law, and to the exercise of a profession, employment or occupation."

Section 55 of the Code of Civil Procedure provides, however, that—

"If a husband and wife be sued together, the wife may defend her own right, and if the husband neglect to defend, she may defend for his right also."

It is true that in the instant case, the husband and wife were not sued together. When community property was attached as the separate property of the wife, however, the husband, or the conjugal partnership, became interested in that aspect of the case although neither had been named as a party defendant. It may be conceded that the better practice would have been to present a claim of ownership by the husband as the legal representative of the conjugal partnership. Perhaps the district judge should have overruled the motion pre-

sented by the wife. It does not follow that the ruling should be reversed.

The answer several times refers to the relationship existing between the defendant, Ruperta Flores and her attorney, José Juliá Marín, and contains the following specific averment:

"The defendant, Ruperta Flores, alleges that she is married and has been since the year 1909, to José Juliá Marín, that she was married at the time when it is averred she signed the alleged note, and that she has no private property.

"That she signed said note as surety for Gerardo Flores, that is, that the fertilizer secured by the said note, was not for the benefit of the defendant nor of the conjugal partnership resulting from her marriage with the said José Juliá Marín."

At the trial there was testimony in support of this averment. The district judge, in his statement of the case and opinion, said:

"As appears from the evidence, the responsibility of the defendant, Ruperta Flores, in this action is clear, and if she signed the note without owning private property, that is not a bar to the action, although the judgment to be rendered can not bind the conjugal partnership. *Hernández* v. *Registrar*, 22 P.R.R. 599; *Matheu* v. *Murillo*, 25 P.R.R. 304."

In disposing of the previous appeal, this court also pointed out the probable difficulty involved in any attempt that might be made to satisfy the judgment out of community property. The district judge, upon the theory that he was without jurisdiction by reason of that appeal had refused to pass upon a similar motion to dissolve the attachment. The motion now before us was filed some time after the dismissal of the former appeal. That motion did not come as a surprise to plaintiff. In the court below there was no suggestion of surprise. The evidence which established the *prima facie* character of the attached property as community property was uncontradicted. There was no request for time within which to investigate the possibility of discovering other evidence which

might or might not tend to weaken the *prima facie* showing made by defendant. Plaintiff had ample opportunity to show, if it could, that the attached property was in fact the separate property of the wife.

The husband was the legal representative of the conjugal partnership. He was also an attorney at law. As attorney for the defendant, Ruperta Flores, he signed both the answer to the complaint and the motion to dissolve the attachment. He testified at the trial as a witness for the defense and more particularly as a witness for his wife and client in support of the averment already quoted from the answer. By subscribing and filing the motion to dissolve the attachment he ratified and approved the action of his wife in asserting that the real estate attached as her separate property was community property. When the wife, by her attorney who was also her husband, appeared, and answered and moved to dissolve the attachment of community property, the district judge had a right to assume that she did these things with the consent and approval of her husband.

We cannot concur in the view that the attachment of community property as the separate property of the wife vested in plaintiff any rights of which it could be deprived without due process of law or otherwise. The other questions raised for the first time on appeal are procedural rather than jurisdictional. Appellant's contention that the title to attached property can be determined only in an independent action brought for that purpose is without merit.

If the husband, as the legal representative of the conjugal partnership, had appeared and claimed the attached property as community property, in the manner prescribed by law for the presentation and determination of such claims, it could hardly be contended that the district court would have been without jurisdiction to pass upon the question of ownership. The fact that the wife, by her attorney who was also her husband and with his implied knowledge, consent, and ap-

proval presented the same question in the form of a motion to dissolve the attachment did not deprive the court of its power to decide that question notwithstanding the irregularity of the procedure adopted.

Substantial justice was done, without prejudice to any substantial right of plaintiff. We have every reason to believe that if the order appealed from should be reversed and the case remanded, the final outcome would be practically the same as that already reached in the district court. The result below was right. It should not be disturbed upon technical grounds without regard to the merits of the main question decided by the district judge.

The order appealed from will be affirmed.

Mr. Justice Aldrey dissented. Mr. Justice Córdova Dávila took no part in the decision of this case.